**Wagner v. McNeil**

*Alvin J. Luschas,* for plaintiffs.
*Leroy H. Keiler,* for defendants.

FEUDALE, *J.,* December 7, 1992—Before us for consideration are defendant's preliminary objections to the plaintiffs' complaint in the nature of a demurrer. The matter arises out of a right-of-way dispute which eventually escalated into an altercation in which blows were struck. The plaintiffs filed a five-count complaint seeking damages for assault and battery, interference with quiet

enjoyment of land and intentional infliction of emotional distress, as well as seeking damages for loss of consortium and punitive damages. The defendants filed six specific objections to the plaintiffs' complaint, which brings this matter before us for disposition.

There are several guidelines to be followed when deciding the appropriateness of preliminary objections. "It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom." *Banyas v. Lower Bucks Hospital,* 293 Pa. Super. 122, 437 A.2d 1236 (1981). A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief. *MacGregor v. Mediq Inc.,* 395 Pa. Super. 221, 576 A.2d 1123 (1990). "If there is any doubt, the doubt should be resolved in favor of overruling the demurrer; summary judgment should be entered only in cases which are clear and free from doubt." *Chorba v. Davlisa Enterprises Inc.,* 303 Pa. Super. 497, 450 A.2d 36 (1982). With these general principles in mind, we now turn to the resolution of the issues before us.

Defendants' first objection is to the averments of negligence contained in paragraph 16 of Count I (assault and battery) of plaintiffs' complaint. It is defendants' contention that negligence is not an element of a cause of action for assault and battery, and that no facts have been pled which would support a separate cause of action in negligence. The plaintiffs, in both their briefs in opposition to defendants' preliminary objections and at oral argument, have agreed that the averments of negligence

in paragraph 16 of Count I were misplaced and should be removed. Therefore, defendants' preliminary objection to paragraph 16 will be sustained. However, since negligence has been pled in the original complaint, the plaintiffs will be allowed to file an amended pleading setting forth any averments of negligence in a separate count. See *Connor v. Allegheny General Hospital*, 501 Pa. 406, 461 A.2d 600 (1983) (amendments simply amplifying allegations of the original complaint are not subject to the application of the statute of limitations).

Defendants' second objection is to plaintiffs' claim for punitive damages contained in Count II of the complaint. Paragraph 22 of Count II avers:

"(22) The actions of defendants, Peter E. McNeil and Ginny E. McNeil, a/k/a Jeanne B. McNeil, his wife, were careless, wanton and reckless and done with total disregard for the safety and well-being of the plaintiff, Joseph E. Wagner."

The only other paragraph in this two-paragraph count incorporates by reference those averments made in paragraphs 1 through 20, inclusive.

In *Brownawell v. Bryan*, 40 D.&C.3d 604 (1985), our sister court was asked to rule on a preliminary objection to a similar averment. In sustaining the defendants' preliminary objection, the *Brownawell* court stated:

"The mere pleading of outrageous conduct does not, of course, satisfy the requirements of stating facts which, if proven, would form a basis for a jury concluding that the conduct was such that an award for punitive damages was warranted. On the averments pleaded in this case we cannot conclude that plaintiff has stated a prima facie

case which would warrant a jury determination that defendant's conduct was done with a reckless indifference so great as to make it highly probable that harm to plaintiff would follow." *Brownawell* at 606-07. (citation omitted)

We also agree that simply pleading outrageous conduct is not a sufficient basis for finding punitive damages to be warranted. We also find no averments in the complaint to show that the defendant acted with a reckless indifference so great as to make it highly probable that harm would follow. Therefore Count II of the plaintiffs' complaint shall be stricken.

The next objection before this court is to Count III of the plaintiffs' complaint, which seeks damages for interference with quiet enjoyment of land. It is defendants' contention that this count does no more than attempt to set forth a cause of action for a private nuisance, and that sufficient facts have not been pled in order to make out such a claim. Defendants, in their brief in support of preliminary objections, cited several cases to support their contention that this cause of action is not actionable in this Commonwealth. These cases, however, are distinguishable from the instant situation.

In all those cases cited by the defendant, the interference with land was due to noise or water inadvertently coming on to the plaintiff's land, due to activities being conducted on the defendant's land. In the instant situation, the defendants entered onto land which both the plaintiffs and defendants allegedly had the right to be on, and allegedly physically moved logs in a manner which interfered with the plaintiffs' use of the land. Under these facts, it is

possible that the defendants may be liable for interference with quiet enjoyment of land. See Restatement of Torts §822. Therefore, since there is a question as to whether a cognizable claim for interference with quiet enjoyment of land has been pled, the defendants' preliminary objection to Count III of the complaint will be overruled. See *Chorba, supra.* (If there is any doubt, doubt should be resolved in favor of overruling demurrer.)

The defendants next asks us to strike paragraph 28(B) of Count IV (loss of consortium) of the complaint, wherein the plaintiff Marie Wagner seeks damages for the "severe emotional distress sustained during observing" the assault upon her husband. "Where a claim for loss of consortium is asserted, the losses alleged are those personal to the uninjured spouse for deprivation of the injured spouse's society and services." *Dasconio v. WCAB (Aeronca Inc.),* 126 Pa. Commw. 206, 559 A.2d 92 (1989). Emotional distress is not a recognized element of damages in a loss of consortium claim, and therefore paragraph 28(B) of Count IV will be stricken.

Defendants' fifth objection is to Count V of the complaint, wherein the plaintiffs seek damages for the intentional infliction of emotional distress. The Restatement (Second) of Torts §46 sets forth the elements necessary to make out a cause of action for this tort. Section 46 states:

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

"Thus, there are four elements to the action under 46: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Glassman v. Herman*, 24 D.&C.3d 219 (1982). Taking all well pled facts in the complaint as true, as we must, we find that the plaintiffs have failed to state a cause of action for intentional infliction of emotional distress.

It may be gleaned from the pleadings that the actions of the defendants were intentional and that they caused severe emotional distress, however, "the gravamen of this tort is that the conduct complained of must be of an extreme or outrageous type." *Banyas v. Lower Bucks Hospital*, 293 Pa. Super. 122, 437 A.2d 1236 (1981). The drafters of the Restatement (Second) explained "extreme and outrageous" conduct in comment (d) to section 46, which states:

"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim 'Outrageous!'"

Therefore, in view of this comment, "the availability of recovery under section 46 is highly circumscribed." *Dewalt v. Halter*, 7 D.&C.4th 650 (1990).

The question that must now be asked is whether the actions of the defendants were so extreme and outrageous as to allow a recovery for intentional infliction of emotional distress. Looking to the pleadings, we find a situation in which the defendant moved logs on a right-of-way, thereby inviting a confrontation. A confrontation ensued and a fight broke out between the plaintiff Joseph E. Wagner and the defendant Peter E. McNeil, in the presence of plaintiff Marie Wagner. During the course of the fight, plaintiff Joseph E. Wagner was physically injured.

In light of these facts, we agree with a statement made by the court in *Dewalt, supra,* wherein it was said: "[The defendant's] conduct was beyond doubt offensive, insulting, repugnant and obnoxious, but does it rise to the level of 'extreme and outrageous conduct?' We think not." *Dewalt* at 647. The alleged actions of Peter E. McNeil may be frowned upon by society, but they do not rise to the level of extreme and outrageous conduct contemplated by section 46 of the Restatement (Second) of Torts. Therefore, the defendants' preliminary objection to Count V of the plaintiffs' complaint will be sustained.

The last preliminary objection raised by the defendants is the inclusion of any averments against the defendant Ginny E. McNeil, a/k/a Jeanne B. McNeil, in any count of the complaint. In Count I of the complaint, the plaintiffs allege that Ginny E. McNeil, a/k/a Jeanne B. McNeil, aided her husband Peter E. McNeil "by providing light for her husband by virtue of her motor vehicle's headlights and by encouraging and agreeing to her husband's interference with the plaintiff Joseph E. Wagner's utilization

of the aforementioned right-of-way." It is the plaintiffs' contention that this averment in paragraph 18 of the complaint is sufficient to survive dismissal of the cause of action against Ginny E. McNeil, a/k/a Jeanne B. McNeil, by way of demurrer. With this, we agree.

The averment, as stated, presents an issue of material fact which precludes dismissal by way of demurrer. By the use of headlights and by shouting words of encouragement, it may be inferred that there was a possible agreement or common design between the defendants to injure the plaintiffs. If mutual aid or a common design to bring about harm is shown to exist between the defendants, they both may be liable as principals, even though only one of them delivered the blows. *Keich v. Frost*, 63 D.&C.2d 499 (1973). Such aid or common design may be either proven or disproven by further discovery, therefore the defendants' sixth preliminary objection, as to those averments in the complaint concerning Ginny E. McNeil, a/k/a Jeanne B. McNeil, will be overruled.

Accordingly, we enter the following

## ORDER

And now, December 7, 1992, after argument held and upon consideration of briefs submitted, it is hereby ordered and directed that defendants' preliminary objections in the nature of a demurrer to paragraph 16 of Count I, Count II, paragraph 28(b) of Count IV, and Count V of the plaintiffs' complaint are sustained, all other of the preliminary objections are overruled.

It is further ordered that the plaintiffs shall have 20 days from the date of this order to file an amended pleading containing a separate count of negligence.